UNITED STATES of America,
Plaintiff-Appellee,

v.

Betty WYATT, Defendant-Appellant.

CA No. 85–1309.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1986.

Decided Jan. 13, 1987.

Susan A. Ehrlich, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

John Terbon, Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Before TANG, FARRIS, and POOLE, Circuit Judges.

FARRIS, Circuit Judge:

We have carefully considered Wyatt's assignments of error.

We are concerned about the trial court's instructions on harboring a fugitive. Timely objection would have permitted correction. Because no objection was made, we review for plain error. The jury was instructed:

> When a person has sufficient information to lead him to a fact, *he is deemed under the law to have knowledge of it.* (Emphasis added.)

The Fourth Circuit held that the italicized clause improperly told the jury that it "must infer that the defendants had actual knowledge if it found they had sufficient information to lead them to knowledge of a federal warrant." *United States v. Hogg,* 670 F.2d 1358, 1363 (4th Cir.1982). We agree that the instruction *if* read alone, appears to create an improper mandatory presumption. But the jury was also instructed: "You may consider it reasonable to draw the inference that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted." The jury instructions also included several reminders that the government had to prove all elements of all offenses beyond a reasonable doubt, that the burden of proof throughout the trial rested with the government, and that the verdict must be

unanimous. We have frequently held that instructions must be considered as a whole. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1412 (9th Cir.1986). Upon this record, we cannot find that the use of the phrase, which we disapprove, impermissibly shifted the burden of proof to the defendant.

Wyatt contends that the district court erred in denying her motion for severance from prejudicial joinder after Counts 3 and 4 were dismissed as to her. A motion for severance is granted or denied in the discretion of the trial court. We review for abuse of discretion. The test for determining whether the district court abused its discretion is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial. *United States v. Abushi*, 682 F.2d 1289, 1296 (9th Cir.1982). The trial court did not abuse its discretion in denying Wyatt's motion for severance.

We reject Wyatt's argument that counts 5 and 6 of the redacted indictment and the jury instructions on them were fatally defective because they failed to allege essential elements. Wyatt contends that her participation as a principal or aider and abettor in a pattern (at least two acts) of racketeering activity is an essential element to conviction for aiding and abetting investment of racketeering income in violation of 18 U.S.C. §§ 2(a) and 1962(a). In contending that the government had to prove that she had committed two acts of racketeering, Wyatt demonstrates that she misunderstands how the RICO statute interacts with the statute on aiding and abetting.

In pertinent part, 18 U.S.C. § 1962(a) reads as follows:

It shall be unlawful for any person who has received income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 2(a) reads as follows:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Garmany is the "person" who received income from a pattern of racketeering activity. He is also the person required to be a "principal" in that racketeering activity. Therefore, the "predicate acts" of racketeering required to convict Wyatt of aiding and abetting would be those committed by Garmany, not by Wyatt. To require the government to prove the same criminal acts for Wyatt as for Garmany would defeat the purpose of 18 U.S.C. § 2(a), which makes the aider and abettor "punishable as a principal." *See Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980) (an aider and abettor may be convicted under 18 U.S.C. § 2 even where the perpetrator is acquitted); *see also United States v. Loften*, 518 F.Supp. 839, 851 (S.D.N.Y.1981); *United States v. Shulman*, 466 F.Supp. 293, 295 (S.D.N.Y. 1979) ("There is no requirement for an aider and abettor to be within the group whose activities are controlled by a penal statute.").

We have held that two predicate acts must be proved to sustain a conviction on a substantive RICO charge, but such proof is not required for conspiracy charges. *United States v. Brooklier*, 685 F.2d 1208, 1220 (9th Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983). Aiding and abetting is not a substantive charge, and as with RICO conspiracy charges, the government did not have to prove two predicate acts of racketeering by Wyatt.

Although the indictment clearly charged Wyatt only with aiding and abetting in violation of 18 U.S.C. § 1962(a), the jury instructions charged her in the alter-

native with a direct violation *or* aiding and abetting. If this was error, it had no effect because Wyatt was convicted by the jury only of aiding and abetting. We find no plain error in the indictment and instructions regarding the elements of the RICO charges of which Wyatt was convicted.

Wyatt contends that there was insufficient evidence to convict her of conspiracy to defraud the IRS and conspiracy to harbor a fugitive, Counts 6 and 10 of the original indictment. We find sufficient evidence in the record for a rational trier of fact to have found Wyatt guilty on these counts.

We find no plain error in the trial court's admission of a hearsay statement Wyatt made in December 1982 concerning a police stop of Garmany's car in which she was riding in August 1982. The trial court correctly held that the statement was admissible as the statement of a party-opponent. Fed.R.Evid. 801(d)(2)(A).

We find no error in the trial court's imposition of the costs of prosecution pursuant to 28 U.S.C. § 1918(a).

We find no showing of prejudice in Wyatt's contentions that she received inadequate assistance of counsel.

AFFIRMED.